Nickoles Charles STANDISH, Appellant,

v.

Brenda J. Fuller STANDISH, Appellee.

No. 5847.

Court of Civil Appeals of Texas, Waco.

July 6, 1978.

Rehearing Denied Aug. 3, 1978.

H. J. Bernard, Bernard & Bernard, Houston, for appellant.

Lee Read, Houston, for appellee.

HALL, Justice.

After trial was held before the court without a jury, judgment was rendered divorcing appellant Nickoles Charles Standish

and appellee Brenda Fuller Standish and dividing their property.

Written findings of fact and conclusions of law were not requested by the parties nor filed by the court. However, the record shows without contradiction that the parties were never formally married. Necessarily, then, the judgment was based upon the conclusion that they were informally married.

V.T.C.A., Family Code § 1.91(a)(2) provides that an informal marriage may be proved by evidence that the parties "agreed to be married, and after the agreement they lived together in this State as husband and wife and there represented to others that they were married."

■ Appellant comes forward with a single point of error reading, "The trial court erred in holding that a valid [informal] marriage existed between the parties." Under this point he argues that there is no evidence to support the court's implied findings of the elements of an informal marriage set forth in the statute. Particularly, he argues there is no evidence to support the findings that the parties agreed to be married or represented to others that they were married. We overrule those contentions and affirm the judgment.

Appellant initiated this suit by filing an "Original Petition For Divorce" on September 23, 1975. In the petition appellant pleaded that he and appellee were married on or about January 15, 1971; that they separated on or about July 4, 1975; that their marriage had become insupportable; that no children were born to or adopted by this marriage and none was expected; and that during the marriage certain community property was accumulated by the parties. He prayed for a divorce and an equitable division of the parties' property. On December 2, 1975, appellee filed her original answer containing a general denial of the allegations in appellant's petition for divorce. Thereafter appellant changed lawyers, and on March 3, 1976, he filed a motion for nonsuit in which he alleged that he and appellee were never married. The next day appellee filed a cross action for divorce

containing virtually the same material allegations which were set forth in appellant's petition, and praying for a divorce and a division of the community property. Appellant's motion for nonsuit was granted by the court on March 8, 1976. The case went to trial on March 14, 1977, with appellee as movant for the divorce.

The original petition for divorce filed by appellant was introduced into evidence on the trial.

Appellee testified that she and appellant "were married" and began cohabiting and living together as husband and wife in Harris County in January, 1971; that she "did not want a church ceremony"; that they represented themselves to others as Mr. and Mrs. Standish; that they continuously lived together until their separation in July, 1975; that during that time appellant supported her and provided her needs, and she kept their house and cooked their meals and was faithful to him; that she used the name Brenda Fuller Standish; that when they attended public or private functions, including those held by his family and his employer, he always introduced her as his wife; that when she worked for awhile for appellant's employer "they recognized me as Mrs. Standish"; that she deposited her earnings in appellant's bank account; and that when they traveled for pleasure or business they registered in hotels as Mr. and Mrs. Standish. She identified a telegram sent to her by appellant in May, 1976, addressed to her as "Brenda Standish."

The record shows that appellant and appellee filed a single federal income tax return for 1974 as "married, filing joint return," and a single return for 1975 as "married, filing separately." Appellant testified he later filed amended returns for those years after talking with his lawyer and being told that he "was not married."

Appellant admitted that he and appellee lived together in the same house from January, 1971, until July, 1975, but he stated that his work required him to be gone much of the time. He testified that he and appellee never agreed to be married and never

represented to others that they were married, and that they were not known by others as husband and wife. It was his position on the trial, supported by the testimony of witnesses called by him, that appellee "held the opinion that she was a free spirit, owing nothing to anyone," and that she did not want to be married. He adduced evidence showing that appellee frequently went by the name "Brenda Fuller."

It is provided in § 1.91(b) of our Family Code, supra, that, "In any proceeding in which a marriage is to be proved under Subsection (a)(2) of this section, the agreement of the parties to marry may be inferred if it is proved that they lived together as husband and wife and represented to others that they were married."

█ It was the trial judge's prerogative and duty as trier of the facts to weigh all of the evidence, pick out what she believed to be its most credible parts, and make her determinations accordingly. We hold the evidence is legally sufficient to support the findings in question.

The judgment is affirmed.